T.C. Summary Opinion 2009-180

UNITED STATES TAX COURT

THOMAS JOSEPH LINKUGEL, Petitioner <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 28895-08S.                    Filed December 1, 2009.

<u>Ljubomir Nacev</u> and <u>Mary A. Lepper</u>, for petitioner.

<u>Edward Lee Walter</u>, for respondent.

ARMEN, <u>Special Trial Judge</u>:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect when the petition was filed.[1]  Pursuant to section 7463(b), the decision to be entered is not reviewable by any

_____

[1] Unless otherwise indicated, all subsequent section references are to the Internal Revenue Code in effect for the taxable year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

other court, and this opinion shall not be treated as precedent for any other case.

Respondent determined a deficiency in petitioner's 2006 Federal income tax of $6,446, as well as a penalty under section 6662(a) of $1,289. Respondent subsequently conceded the penalty.

The central issue for decision is whether petitioner must recognize cancellation of indebtedness (COI) income in 2006 and if so, in what amount. Because we hold that petitioner did not have COI income in 2006, we need not and do not discuss the subsidiary issue.

## Background

This case was submitted fully stipulated under Rule 122, and the stipulated facts are so found. The stipulation of facts and the attached exhibits are incorporated herein by this reference. Petitioner resided in the State of Kentucky when the petition was filed.

In 1983 petitioner and his then wife purchased a home in Newport, Kentucky. In 1999 they executed a mortgage on the Newport property in favor of Associates Home Equity Services, Inc. (Home Equity).

Petitioner and his then wife fell into arrears on the mortgage held by Home Equity. In June 2000 Home Equity secured an In Rem Judgment and Order of Sale in the Campbell County Circuit Court against petitioner and his then wife of $58,796.54.

The Newport property was sold in foreclosure in August 2000. After payment of the costs of sale and other expenses and application of the sale proceeds, the balance of the in rem judgment was reduced to $35,247.00.  In November 2000 petitioner and his then wife divorced.

In November 2000 Citigroup, the parent company of Citimortgage, Inc. (Citimortgage), acquired Home Equity, thereby succeeding to the mortgage given by petitioner and his then wife to Home Equity.  www.citibank.com/citi/corporate/history/associates.htm; See Fed. R. Evid. 201.

In 2007 Citimortgage issued a Form 1099-C, Cancellation of Debt, jointly to petitioner and his ex-wife which reported $35,247.81 in income from cancellation of debt for the taxable year 2006.  The Form 1099-C was sent to petitioner and his ex-wife at the Newport address and was therefore not received by petitioner.  Between the date of foreclosure in August 2000 and the issuance of the Form 1099-C in 2007, no collection efforts were made by either Home Equity or Citimortgage.

Petitioner filed a timely individual income tax return for 2006, but did not include the COI income on the return.

In a notice of deficiency respondent increased petitioner's income by the amount reported as COI income on the Form 1099-C.

## Discussion

### A. Burden of Proof

We begin by observing that the submission of a case fully stipulated does not alter either the burden of proof or the requirements otherwise applicable with respect to adducing proof or the effect of failure of proof. Rule 122(b).

As a general rule, the Commissioner's determinations as set forth in a notice of deficiency are presumed correct, and the taxpayer bears the burden of proving that those determinations are erroneous. Rule 142(a)(1); Welch v. Helvering, 290 U.S. 111, 115 (1933). However, under certain circumstances the burden of proof may shift to the Commissioner if the taxpayer introduces credible evidence with respect to any factual issue relevant to ascertaining the income tax liability of the taxpayer. Sec. 7491(a)(1).

If an information return, such as a Form 1099-C, serves as the basis for the determination of a deficiency, section 6201(d) may apply to shift the burden of production to the Commissioner. See Estate of Gryder v. Commissioner, T.C. Memo. 1993-141 (citing Portillo v. Commissioner, 932 F.2d 1128 (5th Cir. 1991), affg. in part and revg. in part T.C. Memo. 1990-68). Section 6201(d) provides that in any court proceeding, if a taxpayer asserts a reasonable dispute with respect to the income reported on an information return and the taxpayer has fully cooperated with the

Commissioner, then the Commissioner has the burden of producing reasonable and probative information in addition to such information return.  See <u>McQuatters v. Commissioner</u>, T.C. Memo. 1998-88.

Petitioner contends that section 6201(d) applies. Petitioner further contends that the COI income reported on the Form 1099-C for 2006 was actually discharged in some earlier year.

Respondent has not refuted the application of section 6201(d).  Indeed, respondent has not even argued (and the record does not demonstrate) that petitioner failed to fully cooperate with respondent.  Therefore, we hold that section 6201(d) applies and that the burden is shifted to respondent to produce reasonable and probative information in addition to the Form 1099-C.

B.  <u>Cancellation of Indebtedness Income</u>

In general, the term "income" as used in the Internal Revenue Code means income from any source, including income from the discharge of indebtedness.  Sec. 61(a)(12); <u>Commissioner v. Glenshaw Glass Co.</u>, 348 U.S. 426 (1955); <u>United States v. Kirby Lumber Co.</u>, 284 U.S. 1 (1931).  For the year in issue Citimortgage issued to petitioner a Form 1099-C which reported COI income of $35,247.81.  According to respondent, that amount is includable in petitioner's 2006 income.

However, the moment it becomes clear that a debt will never be repaid, that debt must be viewed as having been discharged. Cozzi v. Commissioner, 88 T.C. 435, 445 (1987). Any identifiable event that fixes the loss with certainty may be taken into consideration. Id. (citing United States v. S.S. White Dental Manufacturing Co., 274 U.S. 398 (1927)); cf. sec. 1.6050P-1(b)(2)(i), (iv), Income Tax Regs. (providing an exclusive list of eight "identifiable events" under which debt is discharged for information reporting purposes, including a discharge pursuant to a foreclosure, the application of a defined policy of the creditor to discontinue collection activity and discharge the debt, or the expiration of a nonpayment testing period (usually 36 months)).

The determination of whether COI has occurred is fact specific and often turns on the subjective intent of the creditor as manifested by an objectively identifiable event. Cozzi v. Commissioner, supra. The issuance of a Form 1099-C is an identifiable event, but it is not dispositive of an intent to cancel indebtedness. Owens v. Commissioner, T.C. Memo. 2002-253, affd. in part, revd. in part and remanded 67 Fed. Appx. 253 (5th Cir. 2003). Moreover, a mere bookkeeping entry by a creditor does not result in COI income. Cozzi v. Commissioner, supra.

In August 2000 petitioner's home was sold in foreclosure and the proceeds were used to partially satisfy an in rem judgment

held by Home Equity.  The balance of the in rem judgment was held by Home Equity for 4 months and by Citimortgage for more than 6 years after Citimortgage acquired Home Equity.  From the time of the foreclosure in August 2000 to the issuance of the Form 1099-C in 2007, there was no collection activity by either Home Equity or Citimortgage.  In addition, the Form 1099-C was sent to petitioner at the Newport address in 2007, thereby demonstrating that collection on the debt had not been pursued since 2000.  Finally, in several cases before this Court in which a mortgage was foreclosed upon, generating COI income, the Form 1099-C was issued in the same year as the foreclosure, indicating that the foreclosure was the identifiable event.  See, e.g., Jelle v. Commissioner, 116 T.C. 63 (2001); Stoddard v. Commissioner, T.C. Memo. 2002-31; Johnson v. Commissioner, T.C. Memo. 1999-162, affd. without published opinion 211 F.3d 1265 (4th Cir. 2000).

In support of respondent's assertion that the COI occurred in 2006, respondent relies solely on a naked Form 1099-C.  Respondent did not present one scintilla of other evidence to support the incidence of COI income in 2006.  Respondent has not met his burden of production under section 6201(d).  Therefore, we hold that petitioner did not have COI income in 2006.

To reflect the foregoing,

Decision will be entered for petitioner.